J-S06036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
                                         :
                  v.                          :
                                         :
                                         :
MARK ANDREW MILLER            :
                                         :
                Appellant          :     No. 586 WDA 2025

Appeal from the Judgment of Sentence Entered April 23, 2025
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000928-2023

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED: March 25, 2026**

Appellant, Mark Andrew Miller, appeals from the judgment of sentence entered in the Court of Common Pleas of Fayette County on April 23, 2025. Appellant was convicted of the following offenses following trial by jury: Aggravated Assault by Vehicle While DUI[1], Driving Under the Influence – Controlled Substance[2], Aggravated Assault By Vehicle[3], Fleeing or Attempting To Elude Officer[4], Flight to Avoid Apprehension[5], Recklessly Endangering

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 75 Pa. C.S.A. § 3735.1(a)
[2] 75 Pa. C.S.A. § 3802(d)(2)
[3] 75 Pa. C.S.A. § 3732.1(a)
[4] 75 Pa. C.S.A § 3733(a)
[5] 18 Pa. C.S.A § 5126(a)

Another Person[6]; Possession of a Controlled Substance[7]; Possession of Drug Paraphernalia[8]; and Resisting Arrest[9]. After careful review, we affirm.[10]

On December 16, 2022, Troopers Alexander Ruffing and Michael Geoghan of the Pennsylvania State Police parked their marked patrol vehicle near the intersection of Route 983 and Englishman Road in Bullskin Township. Notes of Testimony, Jury Trial 3/5/2025-3/7/2025 (hereinafter "N.T.") at 15-17. At approximately 6:55 P.M. Trooper Geoghan observed a pickup truck occupied by several individuals who appeared to lean out of view of the window in an attempt to conceal themselves, prompting the Troopers to pursue the vehicle. *Id.* at 17-18. Shortly thereafter, the pickup truck's brake lights began to rapidly flash as the truck turned into the parking lot of the Honeybear Gas Station, at which point the Troopers activated their emergency lights to initiate a traffic stop. *Id.* at 19. The truck, however, only slowed briefly to allow a female passenger to exit the vehicle before it rapidly reaccelerated, causing its tires to squeal as the vehicle left the parking lot, cut across three lanes of traffic along Route 119, and fled onto a narrow and winding side road. *Id.* at 20-21, 25.

---

[6] 18 Pa. C.S.A § 2705
[7] 35 Pa. C.S. § 780-113(a)(16)
[8] 35 Pa. C.S. § 780-113(a)(32)
[9] 18 Pa. C.S. § 5104.

[10] We note with displeasure that the Commonwealth has failed to submit a brief addressing the instant appeal, and furthermore the Commonwealth has not sent any correspondence to this Court explaining their failure to do so. Nevertheless, we have endeavored to analyze the merits of Appellant's claims and have found they do not merit relief.

The following chase was captured on MVR and spanned approximately five to seven miles, reaching top speeds in excess of 75 miles per hour in a 35 mile per hour zone, during which time the pickup truck passed several vehicles in a "no passing" zone, and passed into the opposing lane of travel several times, narrowly missing multiple head-on collisions with oncoming traffic before colliding in such a manner with the vehicle in which the victims, Mr. and Mrs. Stern, were traveling *Id.* 26, 28, 30-31. The force of this collision was sufficient to throw the Sterns' vehicle into a spin before it came to rest atop a raised concrete median near to the entrance of a gas station along Route 819. *Id.* at 50. Trooper Geoghan called for fire and ambulance to the scene of the collision and continued to pursue the damaged, though still fleeing, truck, which by that time had accelerated away from the scene of the collision, off the road and over a grassy area, and onto an on ramp to State Route 119 South. *Id.* at 50-51. Trooper Geoghan was thereafter able to close the distance between the vehicles and successfully perform a PIT maneuver, stopping the fleeing truck. *Id.*

Trooper Geoghan then approached the vehicle on foot and identified Appellant as the driver. *Id.* at 51-54. Appellant was at that time awake, but he did not comply with the Trooper's orders to show his hands, which were concealed in his waistband. *Id.* at 51-54. Trooper Geoghan noted that the vehicle was replete with clearly-visible knives, and as Appellant refused to show the Trooper his hands, Appellant was tased. *Id.* at 54.

Appellant was then pulled from the cabin of the truck and onto the ground. *Id.* at 58. Trooper Geoghan re-holstered his taser and Appellant put his hands back inside of his waistband, prompting the Trooper to strike him several times before Appellant gave his hands to the Trooper to be secured in handcuffs. *Id.* at 59. An ambulance was called to the scene of the arrest where Appellant was assessed and treated by emergency medical personnel before being taken by ambulance to a nearby hospital, as he was exhibiting symptoms consistent with a seizure. *Id.* at 61-64, 101-102. Thus, no standardized field sobriety testing was conducted, and Appellant was not prompted for consent to a blood draw. *Id.*

A search of Appellant's person was performed at the scene, during which methamphetamine was found in his pocket, and additionally in his vehicle the Troopers found: a metal smoking device with residue, fifty baggies of fentanyl, a Rollo wrapper containing suspected methamphetamine, and a foil wrapper containing suspected crack cocaine. *Id.* at 67, 73-79. During transit, Appellant informed the treating paramedic that he had taken methamphetamine, cocaine, and heroin. *Id.* 135. Said paramedic testified that his assessment of Appellant was consistent with Appellant's being intoxicated. *Id.* at 137. Additionally, Trooper Ruffing testified that, based upon his professional experience and training, including Advanced Roadside Impaired Driving Enforcement ("ARIDE"), as well as his personal experience with heroin users in his own family, he observed several indicia of opiate use in Appellant's conduct, including general unresponsiveness, restriction of his pupils, and a

characteristic "nod." *Id.* at 112. While a search warrant was issued for the result of any blood tests conducted by the hospital relative to Appellant's narcotic use, no testing for alcohol or narcotics had been conducted. *Id.* at 66.

The Sterns were taken by ambulance to the hospital from the scene of their collision with Appellant, where it was found that Mr. Stern had suffered from a torn rotator cuff and a head injury resulting from his striking his face against the dashboard during the collision. *Id.* at 156-157. Of note, no expert medical testimony was adduced by the Commonwealth regarding the extent of Mr. Stern's injuries, though both Mr. and Mrs. Stern testified to the same. *Id.* 146-161.

Appellant was subsequently convicted of the above-enumerated offenses following trial by jury, and the instant timely appeal followed. Appellant raises the following issues:

1. Whether the trial court committed reversible error by overruling Appellant's objections to the lay opinion testimony of Lynn Stem regarding the causal connection between her husband's symptoms and the motor vehicle accident?

2. Whether the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt to prove that Appellant was guilty of Aggravated Assault By Vehicle While DUI or Aggravated Assault By Vehicle?

3. Whether the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that Appellant was under the influence of a controlled substance to a degree that rendered him unsafe to operate a motor vehicle?

4. Whether the trial court erred as a matter of law and abused its discretion in imposing a sentence of five (5) years to ten (10) years incarceration where the trial court failed to consider and apply all of the sentencing factors under 42 Pa. C.S. § 9721(b) and failed to thoroughly examine Appellant's background and character, history of substance abuse?

Appellant's Brief at 4.

In addressing Appellant's first issue, we observe the following standard of review:

The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Manivannan*, 2018 PA Super 112, 186 A.3d 472, 479-480 (Pa. Super. 2018) (citation and internal quotation marks omitted).

Appellant's argument concerns the following testimony offered by Lynn Stern regarding her husband's general condition after the collision:

Q. Have you noticed any changes in your husband, sin [sic] ... from the time of this accident forward, as far as his behavior disposition, health condition, generally?

A. Memory loss, some memory loss. Some pain in the head still, he gets frequent pain in his head still.

Q. Okay. And has that been ongoing, the memory loss, has that been ongoing since the time of the accident?

A. Yes.

N.T. at 152.[11]

Appellant identifies as the governing rule of evidence PA.R.E. 701 – Opinion Testimony by Lay Witnesses, which allows for a witness "not testifying as an expert, [to offer] testimony in the form of an opinion" if that opinion is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701.

While Appellant "acknowledges that a witness may generally testify regarding first-hand observations," he contends "that is not what happened in this case," and asserts that Mrs. Stern offered an opinion not permissible under Rule 701. Appellant's Brief at 19. After thorough review of the testimony at issue, we simply disagree. Mrs. Stern did no more than offer her own

_____

[11] While Appellant objected to a previously-posed question to Mrs. Stern, in which the prosecution asked Mrs. Stern to identify symptoms suffered by Mr. Stern that resulted from the accident, the trial court clarified that Mrs. Stern would only be permitted to answer "insofar as [her testimony did not] include some medical diagnosis," and further that Mrs. Stern would not be permitted to "testify as to what any doctor has told her, but [would be permitted] to testify as to her firsthand knowledge through her own observations about any changes [in her husband following the accident]." The above-referenced portion of testimony immediately followed. N.T. 152.

personal observations of changes in her husband's health following the collision with Appellant. This testimony is clearly permissible.

Further, Appellant's reliance on **Commonwealth v. Yocolano**, 169 A.3d 47 (Pa. Super. 2017) is utterly inapposite. There, this Court found error in a trial court's admission of testimony from an emergency room physician and nurse who each were permitted to opine on the provenance of ligature marks on a victim's body *without having been properly proffered as expert witnesses* pursuant to Pa.R.E. 702 and **Commonwealth v. Huggins**, 2013 PA Super 107, 68 A.3d 962 (Pa. Super. 2013). Indeed, this Court acknowledged in that matter that the nurse and physician at issue could very well have testified as expert witnesses had the Commonwealth followed the proper pre-trial procedure of identifying the witnesses as such and providing the defense with expert reports prior to trial. **Id.** As there is no question that Mrs. Stern is not a medical expert, and the testimony she offered did not require a medical expert, the proper procedure for qualifying a witness as an expert is utterly irrelevant in the instant matter and we therefore  discern no possible relevance for our holding in **Yocolano**.

Thus, we find that the trial court did not abuse its discretion in admitting the testimony of Lynn Stern regarding her first-hand observations of her husband following the collision with Appellant's vehicle, and Appellant's first issue therefore merits no relief.

Appellant's second and third issues challenge the sufficiency of the Commonwealth's evidence. In addressing such claims, we observe the following well-established standard of review:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Cahill*, 2024 PA Super 202, 324 A.3d 516, 526 (Pa. Super. 2024) (citations omitted).

Here, Appellant's second issue addresses the sufficiency of the evidence adduced relative to the charge of Aggravated Assault by Motor Vehicle. Pursuant to the statute:

> Any person who recklessly or with gross negligence causes serious bodily injury to another person while engaged in the violation of any law of the Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, except section 3802 (relating to driving under the influence of alcohol or controlled substance), is guilty of aggravated assault by vehicle, a felony of the third degree when the violation is the cause of the injury.

75 Pa. C.S. § 3732.1(a).

Appellant limits this challenge to the sufficiency of the Commonwealth's evidence of serious bodily injury sustained by the victim as a result of his collision with their vehicle. Appellant's Brief at 20-22. In essence, his argument is that the Commonwealth failed to adduce expert testimony regarding the causation of Mr. Stern's injuries, and, because Mr. Stern had preexisting neurological conditions, it was incumbent upon the Commonwealth to adduce such evidence to prove beyond a reasonable doubt that Mr. Stern's headaches and memory loss were caused by Appellant colliding with their vehicle. ***Id.***

However, Appellant cites to no authority whatsoever in support of this proposition. ***See Umbelina v. Adams,*** 2011 PA Super 257, 34 A.3d 151, 161 (Pa. Super. 2011), *quoting **In re W.H.***, 2011 PA Super 119, 25 A.3d 330, 339 (Pa. Super. 2011); ***see also*** Pa.R.A.P. 2119(a)(addressing waiver). We further note that nowhere in Appellant's argument does he address that Mr. Stern also testified that he also sustained a tear to his rotator cuff in the collision. N.T. 156-157. Thus, even should we find that the Commonwealth was required to adduce expert testimony to differentiate between the victim's preexisting neurological condition and the headaches and memory loss he sustained following the collision, Appellant would not be entitled to relief.

Here, we find that the lack of citation to relevant authority in support of Appellant's proposition is best explained by the lack of existence of any such

authority. Indeed, as observed by the trial court, our Supreme Court has explained that the Pennsylvania "Rules of Evidence, and the rules of common sense, dictate that medical testimony is not required to establish the veracity of every illness or injury." **In re Mampe,** 932 A2d 954 962 (Pa. 2007).

Here, the Commonwealth adduced a video of Appellant swerving into oncoming traffic while traveling at a high rate of speed during his flight from the police and colliding with the victim's vehicle head-on; the force of the impact was sufficient to throw the victims' vehicle into a spin, and Mr. Stern testified that during that collision he was thrown into the dashboard of his vehicle where he struck his face and chest, sustaining a bloody nose and facial bruising, and then flung back from the dash by the force of the collision during which movement his rotator cuff tore. N.T. at 155-157. Following the injury sustained to his head, Mr. Stern and his wife testified that Mr. Stern suffered from headaches and memory loss. Viewing this evidence in the light most favorable to the Commonwealth as the verdict winner, we find the evidence to be sufficient to sustain the Commonwealth's burden of proving serious bodily injury beyond a reasonable doubt. Thus, Appellant's second issue merits no relief.

In Appellant's third issue, he contends the Commonwealth "failed to present sufficient evidence that he was operating a motor vehicle while under the influence of a drug or combination of drugs in violation of 75 Pa. C.S. § 3802(d)(2)." Again, Appellant's argument amounts to imposing a non-existent

obligation upon the Commonwealth to adduce expert testimony, here in the form of laboratory testing, to establish that he was "under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle" as is required by 75 Pa.C.S. §3802(d)(2). Following from this unsupported premise, Appellant contends that the Commonwealth's reliance on the lay opinion testimony of Trooper Ruffan and the paramedic Mr. Yurko was insufficient to prove beyond a reasonable doubt that Appellant was under the influence of a controlled substance or combination of controlled substances as required by the statute. Appellant's Brief at 23. However, we note again that there simply is no requirement that the Commonwealth adduce expert testimony to establish this element of the offense.

As noted above, the Commonwealth may meet its burden of proving any element of a crime by wholly circumstantial evidence. *Cahill, supra.* Here, the Commonwealth indeed adduced testimony from the arresting officers and the treating paramedic regarding their observations of Appellant's demeanor following his arrest, each testifying that the same, based upon their training and experience, was consistent with intoxication. Additionally, the Commonwealth adduced video footage of Appellant's manifestly unsafe driving, testimony that Appellant was found in possession of various controlled substances and suspected controlled substances on his person and in his vehicle as well as a smoking device, and an admission from the Appellant to

the paramedic that he had taken methamphetamine, cocaine, and heroin approximately thirty minutes before the arrival of the paramedic. N.T. at 135. Viewing this evidence in the light most favorable to the Commonwealth as the verdict winner, we find the evidence more than sufficient to prove beyond a reasonable doubt that Appellant was operating his vehicle while under the influence of a drug or combination of drugs to a degree which impaired his ability to safely drive, operate or be in actual physical control of the movement of his vehicle. As such, Appellant's third issue merits no relief.

Appellant's fourth and final issue concerns the discretionary aspects of his sentence. In reviewing a challenge to the discretionary aspects of sentence, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 2014 PA Super 10, 84 A.3d 736, 760 (Pa. Super. 2014), appeal denied, 626 Pa. 681, 95 A.3d 275 (Pa. 2014) (citation omitted).

In his statement pursuant to 2119(f), Appellant contends that the sentencing court failed "to carefully consider all relevant sentencing factors required by 42 Pa.C.S. § 9721(b)" and that the sentence imposed was

excessive. Appellant's Brief at 15. Specifically, Appellant avers that §9721(b) required the lower court to consider:

> 1) the specific need for protection of the public in relation to Frost's Actions; 2) the gravity of the offense as it relates to the impact on the life of the victim and her family, and 3) Miller's need for rehabilitation.

Appellant's Brief at 15.[12]

This Court acknowledges that a claim of an excessive sentence in conjunction with a claim that the sentencing court failed to consider mitigating factors raises a substantial question. ***Commonwealth v. Caldwell***, 2015 PA Super 128, 117 A.3d 763, 769-70 (Pa. Super. 2015)(*en banc*). However, Appellant has done very little more than baldly assert that such is the case concerning his sentence. Appellant's Brief at 25-26. The sparse factual basis Appellant presents to this Court in support of this claim is that: Appellant was sentenced to five to ten years; he was 58 years old at time of sentencing; and he had "a history of substance abuse problems," without any further explanation, and without any argument whatsoever as to why the sentence imposed demonstrates a failure to consider those facts.

---

[12] This Court is at a loss as to the identity of "Frost" or how his or her actions are relevant to the sentencing of Mr. Miller, and further we presume the reference to the victim and "her family" must refer to Mrs. Stern, who was not alleged to have sustained serious bodily injury, her family being her husband Mr. Stern, who as discussed above did indeed sustain serious bodily injuries.

Of note, Appellant has failed to inform this Court of what the standard range sentence was relative to his offenses; whether this sentence constitutes an aggravated range sentence; whether a pre-sentence investigation was performed; or whether the sentencing Court was provided with a copy thereof. In fact, Appellant does not make a single citation to anywhere in the record where any information related to the imposition of the challenged sentence can be found.[13]

Thus, this Court is left with a bald claim from Appellant that the sentence imposed was excessive, and that the sentencing court failed to consider certain sentencing factors. Appellant's claim is flatly contradicted by the opinion from the sentencing court in which the Honorable Judge Cordaro attests she indeed did consider the factors Appellant predicates his claim upon, but nevertheless imposed the challenged sentence in light of the other factors at issue, notably the danger presented by Appellant's conduct to the public, the arresting officers, his own passengers, and to the Sterns. As Appellant has provided us with no cognizable argument and no citations to evidence

---

[13] We must again note our displeasure, here due to the certified record on appeal failing to include a transcript of the sentencing hearing or a Statement in Absence of Transcript pursuant to Pa.R.A.P. 1923. Thus, this Court is limited in our review to what information is present on the April 16, 2025, Sentencing Order and the Amended sentencing orders issued April 17, 2025, and April 23, 2025, aided by the sentencing Court's opinion addressing the instant appeal and explanation of her honor's reasoning underlying the imposed sentence.

of record in support of his claim, we find no basis upon which to question the sentencing court's exercise of discretion. Appellant's final issue thus merits no relief.

As Appellant has failed to present any issue meriting relief, we affirm the judgment of sentence imposed by the lower court.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/25/2026